# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Mark C. Mosley, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 9:17-cv-138-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Christine Alston, as personal representative of the Estate of Robert Alston; Davita, Inc. d/b/a DaVita Walterboro Dialysis # 3073; DVA Healthcare Renal Care, Inc.; DVA Renal Healthcare, Inc.; DaVita Healthcare Partners, Inc.; and Howard Elj, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on two motions to remand under 28 U.S.C. § 1447(c): one filed by Plaintiff Mark C. Mosley (ECF No. 8) and another filed by Defendant Christine Alston (ECF No. 9). Mosley and Alston argue removal was improper because, *inter alia*, Alston did not consent to it. For the reasons herein, the Court grants the motions.

## BACKGROUND AND PROCEDURAL HISTORY

Robert Alston spent the last morning of his life undergoing dialysis at a clinic in Walterboro, South Carolina. Defendant Howard Elj worked at the clinic, which Defendants Davita, Inc., DVA Healthcare Renal Care, Inc.; DVA Renal Healthcare, Inc., and DaVita Healthcare Partners, Inc.[1] owned and operated. When Mr. Alston's treatment ended, the DaVita defendants allowed him to leave, and he began driving home to Hampton County. He was in no condition to drive. Near Islandton, he lost consciousness while driving, drifted over the center line of state highway 63, and collided head-on into a car that Mosley was driving. Mosley was severely and permanently injured. Mr. Alston died. Mosley filed a negligence suit in South

---

1. For ease of reference, the Court refers to these entities and Elj collectively as the DaVita defendants.

Carolina state court, alleging claims against Alston, who represents Mr. Alston's estate, and against the DaVita defendants.  Mosley faults Mr. Alston for crossing the center line, for failing to drive safely, and for driving when he was not in a condition to do so.  He faults the DaVita defendants for allowing him to drive after dialysis and for failing to warn him of the dangers of doing so.

Once served, the DaVita defendants removed the case to this Court.  Alston, however, did not join the removal notice, and she did not consent to removal.  The DaVita defendants accounted for that by asserting in their notice that Alston's true alignment in this case is as a plaintiff.  Alston and Mosley filed separate motions to remand.  The DaVita defendants filed responses to each motion, and Alston filed a reply.  These matters are thus ripe for consideration.

## DISCUSSION

28 U.S.C. § 1441(a) allows "the defendant or defendants" named in certain types of state-court cases to remove the case to federal district court.  The "defendant or defendants" accomplish removal by filing a notice that contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a).  Courts have construed the "defendant or defendants" language in those statutes as requiring that all defendants in a case join in or consent to removal.  *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013).  That requirement is called the "rule of unanimity."  *Id.*  Failure to comply with the rule renders the removal defective and is grounds to remand the case to state court.  *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006) (holding the failure of all defendants to join in the removal petition is a nonjurisdictional defect in the removal); *Palmetto Automatic Sprinkler Co. v. Smith Cooper Int'l, Inc.*, 995 F. Supp. 2d 492, 495 (D.S.C. 2014) ("[O]rdinarily, the failure of any defendant to consent to removal renders the removal improper and requires remand.")

Alston neither joined nor consented to the DaVita defendants' removal. The DaVita defendants argue, however, that Alston's consent was unnecessary because Alston should be realigned as a plaintiff.  The Court disagrees.

2

The potential realignment of parties is a two-step analysis: "First, the court must determine the primary issue in the controversy. Next, the court should align the parties according to their positions with respect to the primary issue." *U.S. Fid. & Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131, 133 (4th Cir. 1995) (diversity issue); *see Wayne J. Griffin Elec., Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 1:13CV882, 2014 WL 842983, at *4–5 (M.D.N.C. Mar. 4, 2014) (unanimity issue). The primary issue in this case is obvious: who is liable to Mosley for her injuries? *Cf. U.S. Fid. & Guar. Co.*, 48 F.3d at 134 (finding district court properly identified primary issue to be whether any, some, or all of several insurers owed manufacturer duty to indemnify); *see also Sacra v. Jackson Hewitt, Inc.*, No. 1:15-16265, 2016 WL 698149, at *5 (S.D. W. Va. Feb. 19, 2016) ("[T]he majority of courts do not realign an alleged tortfeasor defendant in cases where his or her liability has not been established."). Although Alston and the DaVita defendants have different answers to that question, their positions are still ultimately adverse to Mosley. Because Mosley and Alston are therefore properly situated on opposite sides of this case, the Court will not realign Alston.

The upshot of the Court's conclusion is that the DaVita defendants have not met their burden of showing that they satisfied the unanimity rule. The Court finds their removal defective and must therefore remand this matter to state court.[2]

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Mosley's and Alston's motions to remand are **GRANTED**. This case is hereby **REMANDED** to the Court of Common Pleas for Hampton County, South Carolina.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**March 23, 2017**
**Charleston, South Carolina**

---

2. Consequently, the Court does not reach Mosley's and Alston's other grounds for remand.

3